UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN WALLACE,

      Petitioner,

                                    CASE NO.  2:08-CV-11551
v.                                   JUDGE NANCY G. EDMUNDS
                                    MAGISTRATE JUDGE PAUL J. KOMIVES

THOMAS BELL,

      Respondent.
_____/

MEMORANDUM ORDER: (1) DENYING PETITIONER'S MOTIONS FOR APPOINTMENT OF COUNSEL (docket #2 & #10); (2) GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTIONS FOR LEAVE TO AMEND (docket #8 & #9); and (3) DENYING PETITIONER'S MOTION FOR DISCOVERY (docket #12)

      This matter is before the Court on petitioner's two motions for appointment of counsel filed on April 10 and June 19, 2008 (docket #2 & #10); petitioner's two motions to amend filed on June 19, 2008 (docket #8 & #9); and petitioner's motion for discovery, filed on September 11, 2008 (docket #12). On this date, the undersigned has filed a Report recommending that the petition be denied. For the reasons that follow, petitioner's motions to amend will be granted in part and denied in part, and the remaining motions will be denied.

      *Appointment of Counsel*

      There is no constitutional right to counsel in habeas proceedings. *See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). Appointment of counsel in a habeas proceeding is generally appropriate only if an evidentiary hearing is required or exceptional circumstances deprive the petitioner of the means to adequately investigate, prepare, or present a colorable claim. *See Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). As explained in the Report filed on this date, petitioner's claims are procedurally defaulted, without merit, or not cognizable on habeas review, and it does not appear that counsel is necessary for petitioner to adequately present his claims.

*Leave to Amend*

Petitioner filed two motions to amend; however neither motion contains any information regarding the claims which petitioner seeks to add, nor is either motion accompanied by a proposed amended petition as required by Local Rule 15.1. To the extent that petitioner seeks to add the claims challenging his conviction raised in his September 11, 2008, briefs, the motions are granted in accordance with Rule 15(a), which permits amendment as a matter of course before a responsive pleading has been filed. *See* FED. R. CIV. P. 15(a). To the extent petitioner is seeking to add other, unidentified claims, the motions are denied based on petitioner's failure to identify the claims which he seeks to add. *See* E.D. Mich. LR 15.1. The claims asserted in the September 11, 2008, briefs are addressed in the Report filed on this date.

*Discovery*

In his motion for discovery, petitioner seeks documents concerning the validity of the 1992 bill enacted by the Michigan legislature which amended the Michigan parole statutes. "A habeas petitioner, unlike the usual civil litigant, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rather, a petitioner is entitled to discovery only if the district judge "in the exercise of his discretion and for good cause shown grants leave" to conduct discovery. Rule 6, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. In order to establish "good cause" for discovery, petitioner must establish that the requested discovery will develop facts which will enable him to demonstrate that he is entitled to habeas relief. *See Bracy*, 520 U.S. at 908-09. The burden is on the petitioner to establish the materiality of the requested discovery. *See Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). As explained in the Report filed on this date, whether the bill was validly enacted is a question of state law not cognizable on habeas review. Thus, nothing in the requested discover would develop facts which would enable

petitioner to demonstrate that he is entitled to habeas relief, and petitioner has therefore failed to establish good cause for discovery.

Accordingly, it is ORDERED that petitioner's motions for appointment of counsel and motion for discovery are hereby DENIED. It is further ORDERED that petitioner's motions to amend are GRANTED IN PART to the extent they seek to add the claims raised in petitioner's September 11, 2008, briefs, and DENIED IN PART to the extent they seek to add any additional, unidentified claims. The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of ten days from the date of this Order within which to file any objections for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 2/13/09

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on February 13, 2009.
>
> s/Eddrey Butts
> Case Manager

3